Chad G. Boonswang, Esq. (NJ ID #249712017)
Michael A. Wentz, Esq. (NJ ID #361092021)
Joseph E. Mattia, Esq. (*pro hac vice* application forthcoming)
**THE BOONSWANG LAW FIRM**
1500 Sansom Street
Suite 200
Philadelphia, PA 19102-2800

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAL CIRCUS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>GENWORTH LIFE INSURANCE COMPANY AND GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,<br><br>   Defendants. | **CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

Plaintiff, Hal Circus, individually and on behalf of all others similarly situated, brings this action against Genworth Life Insurance Company and Genworth Life Insurance Company of New York (collectively "Defendants"). All allegations made in this Class Action Complaint are based upon information and belief except for those allegations that specifically pertain to Plaintiff, which are based on personal knowledge. Each allegation in this Class Action Complaint has evidentiary support or, alternatively, pursuant to Rule 11(b)(3) of the *Federal Rules of Civil Procedure*, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## INTRODUCTION

1.  Defendants comprise an insurance company annually earning billions in revenue.

2. Defendants contract with individuals to provide life insurance policies, which are payable to the policyholder's beneficiaries upon the death of the policyholder.

3. Defendants have issued numerous policies within New Jersey.

4. Life insurance contracts issued within New Jersey are required to comply with New Jersey insurance law and regulations of insurance.

5. During the novel coronavirus ("COVID-19") pandemic, the New Jersey state government took steps to implement changes in New Jersey insurance law in an effort to protect New Jersey policyholders and beneficiaries.

6. All insurance companies, including Defendants, were required to comply with these new insurance law regulations.

7. Defendants failed to follow these new insurance law regulations which effectively deprived numerous New Jersey policyholders and beneficiaries of the protections that were required by New Jersey law.

8. Defendants' actions have led to numerous New Jersey life insurance policies being canceled improperly, as well as numerous beneficiaries being deprived of benefits that were contracted for by their loved ones.

## PARTIES

9. Plaintiff, Hal Circus, is a resident of New Jersey, and currently resides in Mt. Laurel, New Jersey.

10. Defendants, Genworth Life Insurance Company and Genworth Life Insurance Company of New York, are related entities that issue life insurance policies. Defendants are organized under the laws of Delaware and have their principal place of business located within Richmond, Virginia. Defendants comprise one of the largest insurance companies in America,

with a primary part of their business being the marketing, designing, and selling of life insurance products. Defendants engage in continuous and substantial business within New Jersey.

## JURISDICTION AND VENUE

11. This court has subject matter jurisdiction over the claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because Plaintiffs are citizens of a State different from that of the Defendants and, upon the original filing of this Complaint; there are more than 100 putative Class members; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

12. This court has personal jurisdiction over the parties because Defendants conduct a major part of their national operations, advertising, and sales through continuous business activity in this District.

13. Venue is further appropriate pursuant to 28 U.S.C. §1391 because Defendants conduct business in this District, and/or because Defendants have specifically marketed, advertised, and contracted extensively in New Jersey.

14. Venue is also proper in this Court because a substantial part of the events and actions giving rise to the harm suffered by Plaintiff and members of the proposed Class occurred in this District.

## FACTUAL BACKGROUND

### *HAL CIRCUS' CLAIM*

15. On August 20, 1999, Defendants issued life insurance Policy No. 5340931 (the "Policy") to Plaintiff's wife, Ann Marie Somsky ("Insured"). (Policy No. 5340931 is attached and identified as Exhibit A).

16. For the ensuing twenty (20) years, Ann Marie Somsky kept the Policy in force by paying all required premiums to Defendants.

17. In the Fall of 2021, Ann Marie's health took a turn for the worse.

18. A premium payment that was due to Defendants on November 20, 2021, went unpaid.

19. In response, Defendants sent multiple letters with each letter stating that Ann Marie Somsky was only entitled to a thirty-one (31) day grace period. (Correspondence dated October 22, 2021, December 7, 2021, and December 22, 2021, are attached and identified as Exhibits B-D).

20. Defendants specifically sent correspondence dated December 22, 2021, in which Defendants wrote that "Your life insurance policy's Grace period has ended because the premium was not paid." (Defendants' December 22, 2021, correspondence is attached and identified as Exhibit D).

21. Six days later, on December 28, 2021, Ann Marie Somsky died. Ann Marie was fifty-five years old at the time of her passing.

22. After laying his wife to rest, Plaintiff Hal Circus contacted Defendants in an attempt to file a claim for life insurance benefits associated with Policy No. 5340931.

23. Defendants responded by informing Hal that the Policy had lapsed and therefore — according to Defendants — Ann Marie Somsky did not have life insurance coverage at the time of her death. (Defendants' March 7, 2022, correspondence is attached and identified as Exhibit E).

24. Defendants did all of this despite knowing that on April 9, 2020, in response to the COVID-19 Pandemic, New Jersey Governor Phil Murphy issued Executive Order No. 123. (A Copy of Executive Order No. 123 is attached and identified as Exhibit F).

25. Governor Murphy's Executive Order No. 123 mandated that all New Jersey life insurance policies grant a grace period of at least ninety (90) days to any policy in danger of lapsing.

26. As explained by the Official Site of the State of New Jersey, Executive Order 123's requirement of a ninety (90) day grace period remained in effect until January 1, 2022. (A printout of the Official Site's webpage is attached and identified as Exhibit G; further the webpage can be accessed via https://www.nj.gov/governor/news/news/562021/20210604b.shtml).

27. Since the Policy insuring the life of Ann Marie Somsky was issued in New Jersey, the policy was subject to Governor Murphy's Executive Order No. 123.

28. Accordingly, Defendants did not have a reasonable basis to deny Hal Circus' demand for life insurance benefits.

29. Further, because Defendants were aware of Governor Murphy's Executive Orders mandating that all New Jersey life insurance policies were subject to a ninety (90) day grace period, Defendants knew they did not have a reasonable basis to deny Hal Circus' demand for life insurance benefits when Defendants sent their March 7, 2022, denial of benefits.

30. On March 16, 2022, in an attempt to resolve this matter *sans* litigation, undersigned counsel confronted Defendants with the aforementioned averments via correspondence dated March 16, 2022. (Undersigned Counsel's March 16, 2022, correspondence is attached and identified as Exhibit H).

31. In response, Defendants sent correspondence dated March 31, 2022, in which Defendants admitted that their March 7, 2022, denial of benefits was legally invalid. (Defendants' March 31, 2022, correspondence is attached and identified as Exhibit I).

32. With Defendants' admission that their March 7, 2022, denial of benefits was legally invalid, undersigned counsel sent e-mail correspondence on April 6, 2022, demanding that Plaintiff be provided with the full value of the Policy, bad faith damages, and applicable attorney's fees. (Undersigned Counsel's April 6, 2022, email correspondence is attached and identified as Exhibit J).

33. Specifically, undersigned counsel attempted to plainly explain to Defendants that "Genworth's March 31, 2022, correspondence has admitted that Genworth (1) did not have a valid basis to deny benefits and (2) Genworth knew it did not have a valid basis to deny benefits when Genworth claimed that Ann Marie Somsky died outside of the applicable grace period. See attached correspondence. Because Genworth had no valid basis for denying my client's claim for benefits, Genworth now owes the full value of the policy, bad faith damages, and attorney's fees. See Pickett v. Lloyd's (A Syndicate of Underwriting Members), 621 A.2d 445, 453 (N.J. 1993); see also Badiali v. N.J. Mfrs. Ins. Grp., 107 A.3d 1281, 1288 (N.J. 2015); and see N.J. Court Rules, R. 4:42-9." (Undersigned Counsel's April 6, 2022, email correspondence is attached and identified as Exhibit J).

34. Defendants sent a response denying Plaintiff's claim for attorney's fees and bad faith damages while admitting their March 7, 2022, denial of benefits was made without a legally valid basis. Conspicuously absent from Defendant's April 12, 2022, correspondence was any substantive material supporting Defendant's claim that Plaintiff is not entitled to attorney's fees

and bad faith damages. (Defendants' April 12, 2022, correspondence is attached and identified as Exhibit K).

35. As of the time of this filing, Defendants have maintained their position that Plaintiff is not entitled to attorney's fees and bad faith damages.

## *CLASS ACTION ALLEGATIONS*

36. Defendants comprise a multi-billion-dollar company that provides life insurance policies.

37. Defendants comprise one of the largest life insurance companies in America.

38. Defendants systemically operate and conduct business within New Jersey.

39. Defendants have sold numerous life insurance policies within New Jersey insuring the lives of numerous New Jersey citizens.

40. Each one of these life insurance policies, which are effectively contracts for insurance, were and are required to comply with New Jersey insurance law.

41. Upon information and belief, Defendants have systemically and methodically violated changes in New Jersey insurance law that became effective following the issuance of Governor Murphy's Executive Order Number 123. (A Copy of Executive Order No. 123 is attached and identified as Exhibit F).

42. Defendants have been informed of their failure to properly comply with New Jersey law and how their actions have impacted countless New Jersey Citizens.

43. Defendants' failure to comply with New Jersey law has led to numerous policies being improperly lapsed.

44. Defendants' ongoing actions have caused grave and substantial harm to numerous policyholders.

45. Defendants' actions include not properly affording an extended grace period in accordance with Governor Murphy's Executive Order Number 123. (A Copy of Executive Order No. 123 is attached and identified as Exhibit F).

46. Defendants sent correspondence to insureds, policyholders, and beneficiaries that purposefully and/or recklessly misled and concealed the rights guaranteed under New Jersey law, specifically those rights associated with Governor Murphy's Executive Order Number 123. (A Copy of Executive Order No. 123 is attached and identified as Exhibit F).

47. As a result of Defendants' open and blatant breach of New Jersey law, numerous policies have been lost and millions in life insurance coverage has disappeared.

48. Defendants purposefully chose to take steps that led to the lapse of numerous policies during the COVID-19 pandemic.

49. Defendants instituted a calculated plan to take advantage of the COVID-19 pandemic to lapse life insurance policies that insureds had been paying on for years.

50. Defendants have refused to reinstate policies or take corrective action to fix the issues that have arisen from their failure to act in accordance with New Jersey law.

51. A Class of consumers exist that have had their valuable life insurance coverage ripped away from them as they were not afforded the protections owed under New Jersey law.

52. Defendants have directly caused extensive harm to this entire Class as Defendants' actions directly deprived this Class of rights owed under New Jersey law.

53. Plaintiff will faithfully represent this Class as he is a member of the Class.

54. In the interest of efficiency and judicial resources, all these claims can be bought together as they all deal with the same issue: Defendants' failure to abide by New Jersey law that was impacted by Governor Murphy's Executive Order Number 123.

55. Defendants' compliance, or lack thereof, with COVID-19 related changes to New Jersey's insurance law is the predominant and common question for all members of the Class.

56. A Class action is the superior method for the fair and efficient adjudication of this controversy.

57. Defendants' actions have impacted numerous New Jersey citizens, which would cause a massive delay and expense if all these citizens had to undergo individualized litigation.

58. The precise number of members of this Class is currently unknown to Plaintiff but is readily ascertainable by Defendants.

59. A Class action provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under these circumstances.

60. Moreover, many Class members remain unaware of their rights and without this class action, would remain unaware of their rights and potential benefits.

61. As such, Class certification provides the most efficient and effective way to adjudicate these similar claims and ensure New Jersey citizens have their rights protected.

## COUNT I
## UNJUST ENRICHMENT
**(on behalf of Hal Circus, as well as the entire Class)**

62. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth herein.

63. Defendants collect premiums in exchange for life insurance protection.

64. Defendants received these premiums from insureds, owners, and beneficiaries of policies.

65. Although Defendants received thousands of premiums on New Jersey governed policies, Defendants did not provide the coverage that insureds, owners, and beneficiaries were paying for.

66. Defendants' improper actions have ripped protections and rights away from the consumers that have purchased Defendants' life insurance policies.

67. It is against equity and good conscience to permit Defendants to gain from these improper actions.

68. Defendants are still in possession of these numerous premium payments despite the fact that Defendants' actions prevented numerous insureds, owners, and beneficiaries from getting the benefit of the policies purchased from Defendants.

## COUNT II
## BREACH OF CONTRACT
**(on behalf of Hal Circus, as well as the entire Class)**

69. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth herein.

70. Defendants sold life insurance contracts to policyholders residing in New Jersey.

71. These policies were required to be compliant with New Jersey insurance law.

72. New Jersey's Insurance law was altered in April of 2020 as a response to the COVID-19 pandemic.

73. These changes included a mandatory grace period of ninety (90) days for all life insurance policies governed by New Jersey law.

74. These insurance law changes affected life insurance policies sold by Defendants.

75. Defendants failed to properly follow the laws of New Jersey.

76. Defendants' failure to adequately inform policyholders of these changes and/or Defendants' decision to misrepresent the applicable grace period under New Jersey law effectively stripped protections from policyholders, insureds, and beneficiaries alike.

77. Defendants breached numerous contracts as their actions were in violation of the changes that came as a result of Governor Murphy's Executive Order Number 123.

78. Due to Defendants' actions, numerous policyholders, insureds, and beneficiaries lost the valuable coverage they had been paying on for years, and some cases, decades.

79. Defendants' actions —— violating applicable New Jersey insurance law —— constitutes a breach of contract perpetrated upon numerous policyholders, insureds, and beneficiaries including Plaintiff.

## COUNT III
## BREACH OF IMPLIED COVENENANT
## OF GOOD FAITH AND FAIR DEALING
(**on behalf of Hal Circus, as well as the entire Class**)

80. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth herein.

81. All of the life insurance contracts Defendants issued carried an implied covenant of good faith and fair dealing.

82. Defendants were required to act in good faith in their contractual duties.

83. Defendants were required to abstain from acting in a manner that would frustrate policyholders, insureds, and beneficiaries from receiving the benefits of their respective contracts.

84. Defendants were required to treat all claims fairly and abstain from acting with gross disregard for the interest of policyholders, insureds, and beneficiaries.

85. Defendants failed to inform policyholders, insureds, and beneficiaries of their rights associated with Governor Murphy's Executive Order Number 123.

86. Defendants' actions ripped away rights guaranteed to policyholders, insureds, and beneficiaries associated with Governor Murphy's Executive Order Number 123.

87. Defendants' actions directly led to numerous policyholders, insureds, and beneficiaries having the value of their contracts frustrated by imprudent and improper communications.

88. Defendants failed to act in the best interests of policyholders, insureds, and beneficiaries when they failed to apprise policyholders, insureds, and beneficiaries of the rights afforded to them by Governor Murphy's Executive Order Number 123.

89. Defendants lapsed policies and caused numerous contracts to lose all value by Defendants' failure to act in accordance with the contract and applicable New Jersey law.

90. Defendants lapsed policies and denied associated claims for benefits while knowing or recklessly disregarding that the company had no reasonable basis to do so.

91. Defendants lapsed numerous policies while claiming that the policy lapsed because the thirty (30) day and/or thirty-one (31) day grace period had expired.

92. Given that Defendants were aware of Governor Murphy's Executive Order Number 123, Defendants knew that their basis for denial of benefits and basis for lapse, said basis being that policies lapsed due to the expiration of a thirty (30) day and/or thirty-one (31) day grace period, was not even debatably valid.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES, N.J.S.A. 56:8-1 et seq.**
(**on behalf of Hal Circus, as well as the entire Class**)

93. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth herein.

94. Defendants' violations of New Jersey law were egregious and tortious.

95. Defendants took deliberate and purposeful action in the midst of COVID-19 that went against public interest.

96. While the average American, including Plaintiff Hal Circus, was dealing with the worst pandemic in over a century, Defendants used this moment as an opportunity to improperly inform policyholders and improperly lapse policies in a manner that was plainly in violation of New Jersey insurance law.

97. Governor Murphy's Executive Order Number 123 was designed to protect policyholders, insureds, and beneficiaries during the COVID-19 pandemic.

98. Defendants' decision to blatantly violate the mandate put into place by Governor Murphy's Executive Order Number 123 directly undermines the policy and purpose underpinning Governor Murphy's Executive Order Number 123.

99. Defendants misled and/or misinformed policyholders, insureds, and beneficiaries regarding their respective rights guaranteed by Governor Murphy's Executive Order Number 123.

100. Defendants lapsed policies and prevented people suffering from COVID-19 related financial hardships from getting the protections put into place by Governor Murphy's Executive Order Number 123.

101. Defendants' misleading and inaccurate communications directed towards policyholders, insureds, and beneficiaries effectively prevented numerous individuals from realizing the protections afforded by Governor Murphy's Executive Order Number 123.

102. Defendants' decision to misinform policyholders, insureds, and beneficiaries regarding the extent of these protections deceptively prevented numerous individuals from taking advantage of the protections afforded by Governor Murphy's Executive Order Number 123.

103. Defendants were untruthful regarding the changes in New Jersey's insurance law associated with Governor Murphy's Executive Order Number 123.

104. Defendants' actions were carried out in an effort to prevent policyholders, insureds, and beneficiaries from realizing the protections associated with Governor Murphy's Executive Order Number 123.

105. Defendants had an ongoing practice of failing to properly inform policyholders, insureds, and beneficiaries regarding the rights associated with Governor Murphy's Executive Order Number 123.

106. Defendants had an ongoing practice of deceptively lapsing policies in a manner that was directly violative of New Jersey insurance law.

107. Policyholders, insureds, and beneficiaries relied on the incorrect information provided by Defendants, which in turn, prevented policyholders, insureds, and beneficiaries from looking further into their rights.

108. Defendants' actions targeted the public as a whole in that Governor Murphy's Executive Order Number 123 was designed to protect all consumers during the ongoing pandemic.

109. Defendants' actions were egregious and deceptive as they frustrated the purpose and spirit of Governor Murphy's Executive Order Number 123.

110. Defendants conducted themselves improperly towards all citizens of New Jersey as Defendants used the pandemic as an opportunity to escape liability associated with numerous life insurance policies.

111. The harm suffered here is both an affront and an attack on the public as Governor Murphy's Executive Order Number 123 was designed to protect the public from the exact type of actions committed by Defendants.

112. Defendants knowingly and willfully failed to follow and implement the changes required by Governor Murphy's Executive Order Number 123.

113. Defendants' actions were unconscionable as New Jersey took unprecedented steps to protect the public from COVID-19 related financial hardships.  Defendant used the COVID-19 pandemic as an opportunity to lapse policies and took calculated steps to prevent the public from availing itself to the protections associated with Governor Murphy's Executive Order Number 123.

## COUNT V
## DECLARATORY JUDGMENT
**(on behalf of Hal Circus, as well as the entire Class)**

114. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth herein.

115. Defendant sold numerous policies in New Jersey.

116. These policies were required to comply with all New Jersey insurance law.

117. In the wake of the COVID-19 pandemic, New Jersey implemented special protections for policyholders, insureds, and beneficiaries.

118. These special protections were specifically created via Governor Murphy's Executive Order Number 123.

119. Defendants failed to follow the mandates issued in Governor Murphy's Executive Order Number 123.

120. Defendants' failure led to numerous policyholders, insureds, and beneficiaries not receiving the additional grace period time specifically demanded by Governor Murphy's Executive Order Number 123.

121. Defendants' failure led to many policyholders, insured, and beneficiaries losing coverage and benefits that was validly in place prior to the financial hardship wrought by the COVID-19 pandemic.

122. To correct the damage caused by Defendants' failure to follow New Jersey's insurance law, declaratory relief —— namely reinstatement of wrongfully lapsed life insurance policies —— must be granted to the Class of policyholders, insureds, and beneficiaries represented by Plaintiff.

### COUNT VI
### NEGLIGENT MISREPRESENTATION
**(on behalf of Hal Circus, as well as the entire Class)**

123. Plaintiff incorporates by references all allegations of the preceding paragraphs as though fully set forth herein.

124. Defendants negligently, or with reckless disregard as to the interest of Plaintiff and all similarly situated parties, represented that life insurance coverage terminated and failed to inform, advise and disclose that Defendants' misrepresentation and/or omissions with respect to such life insurance coverage.

125. Defendants sold life insurance policies that were governed by New Jersey law.

126. Defendants were required by changes in New Jersey law to provide 90-day grace periods on life insurance policies.

127. Defendants sent out numerous letters, bill notices, and correspondence that informed policyholders their grace period was substantially less than 90 days.

128. Defendants informed numerous policyholders that failure to pay any and all missing premium payments within a 30 or 31 day grace period would result in the lapse or termination of their respective policies.

129. Defendants sent numerous lapse notices that informed policyholders that their respective policies terminated or lapsed after a grace period that was dramatically shorter than what was required by New Jersey insurance law.

130. Defendants' actions effectively prevented policyholders from discovering their rights in that said policyholders relied on the misstatements from Defendants regarding the legally mandated grace period.

131. Ann Marie Somsky and all similarly situated policyholders were prevented from exercising their rights in that said policyholders reasonably believed there was no way to recover their life insurance policies after receiving notice from defendants that their respective policies were terminated for nonpayment of premiums.

132. Defendants then compounded these misleading statements by parroting those same misstatements to beneficiaries including Plaintiff.

133. Defendants informed numerous beneficiaries, including Plaintiff, that policies had lapsed well before they actually did under New Jersey law.

134. Defendants' misstatements dissuaded and misled numerous beneficiaries to not even explore their rights under New Jersey law.

135. Defendants should have known these statements were incorrect as it is a multi-billion-dollar insurance company that must follow New Jersey law and regulations when selling policies within New Jersey.

136. Defendants were aware that policyholders and beneficiaries rely on Defendants' representations to understand the status of their respective insurance benefits and rights.

137. Numerous policyholders failed to act within the legally extended 90-day grace period because Defendants misinformed those policyholders in a manner that led policyholders to believe their insurance coverage was terminated.

## PRAYER FOR RELIEF

138. WHEREFORE, Plaintiff, on his own behalf, and on behalf of all others similarly situated, respectfully demands judgment against Defendants as follows:

   a. That the Court certify this lawsuit as a class action under Rules 23(a), b(2), and b(3) of the Federal Rules of Civil Procedure, and that Plaintiff be designated as class representative and that Plaintiff's counsel be appointed as Class Counsel;

   b. That the Court award declaratory judgment in favor of Plaintiff and the Class thereby declaring that all of Defendants' life insurance contracts needed to be given a ninety (90) day grace period before lapsing, and if this grace period was not provided, then policyholders, insureds, and beneficiaries now have the opportunity to receive death benefits rightfully owed or reinstate coverage;

   c. That the Court award Plaintiff and all similarly situated members of the Class damages against Defendants for Defendants' violation of New Jersey law;

   d. That the Court award Plaintiff and the Class cost of suit, including reasonable attorneys' fees and expenses, including expert fees, as provided by law;

e. That the court award Plaintiff and the Class prejudgment interest at the maximum rate allowable by law;

f. That the court award punitive damages for Defendants' systemic and blatant breach of life insurance contracts that have harmed numerous policyholders and beneficiaries; and

g. That the Court award any other relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all claims triable as a matter of right.

Respectfully submitted,

By: /s/ Chad G. Boonswang
The Boonswang Law Firm
1500 Sansom Street, Suite 200
Philadelphia, PA 19102
Tel: 215.940.8900
Fax: 215.974.7800
Chad@boonswanglaw.com
NJ State Bar No. 249712017

By: /s/ Michael Wentz
The Boonswang Law Firm
1500 Sansom Street, Suite 200
Philadelphia, PA 19102
Tel: 215.940.8900
Fax: 215.974.7800
Michael@boonswanglaw.com
NJ State Bar No. 361092021

By: /s/ Joseph Mattia
The Boonswang Law Firm
1500 Sansom Street, Suite 200
Philadelphia, PA 19102
Tel: 215.940.8900
Fax: 215.974.7800
Joseph@boonswanglaw.com
PA State Bar No. 326282
(*Pro Hac* application forthcoming)